**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **QUINTIN DROLLINGER,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| | **Case No. 2:19-cv-00184-TS-PMW** |
| **v.** | |
| **ROBERT LARNA,** | **District Judge Ted Stewart** |
| **Defendant.** | **Chief Magistrate Judge Paul M. Warner** |

District Judge Ted Stewart referred this case to Chief Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  At the outset, the court notes that Plaintiff Quintin Drollinger ("Plaintiff") is proceeding pro se in this case.  Consequently, the court will construe his pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  The court also notes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2]  Before the court is the review of Plaintiff's amended complaint[3] under the authority of the IFP Statute.

At the outset, the court will provide an explanation of the applicable standards for reviewing a complaint under the IFP Statute.  Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any

---

[1] *See* docket no. 4.

[2] *See* docket no. 2.

[3] *See* docket no. 10.

time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under that standard, the court "look[s] for plausibility in th[e] complaint."  *Id*. at 1218 (quotations and citations omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not
> relieve the plaintiff of the burden of alleging sufficient facts on

which a recognized legal claim could be based. . . . [C]onclusory
allegations without supporting factual averments are insufficient to
state a claim on which relief can be based.  This is so because a pro
se plaintiff requires no special legal training to recount the facts
surrounding his alleged injury, and he must provide such facts if
the court is to determine whether he makes out a claim on which
relief can be granted.  Moreover, in analyzing the sufficiency of the
plaintiff's complaint, the court need accept as true only the
plaintiff's well-pleaded factual contentions, not his conclusory
allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

On April 22, 2019, this court issued an order addressing the sufficiency of Plaintiff's

original complaint under the authority of the IFP Statute.[4]  The court concluded that, even under

a liberal reading of Plaintiff's original complaint, Plaintiff had failed to provide enough well-

pleaded factual allegations to support his alleged claims for relief.  The court also concluded that

Plaintiff had provided only conclusory allegations and failed to provide any sufficiently detailed

factual allegations that would allow the court to determine whether his claims should survive

dismissal.

For those reasons, the court concluded that Plaintiff's complaint failed to state claims

upon which relief can be granted.   At the same time, however, the court recognized that

"[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious

that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an

opportunity to amend."  *Kay*, 500 F.3d at 1217 (quotations and citation omitted).  Accordingly,

the court provided Plaintiff with an opportunity to amend his complaint.  The court directed

Plaintiff to file an amended complaint that complied with the requirements set forth in the

---

[4] *See* docket no. 9.

3

above-referenced authorities on or before May 20, 2019.  Plaintiff was warned that failure to do so would result in a recommendation to Judge Stewart that this case be dismissed.

On April 23, 2019, Plaintiff filed an amended complaint.[5]  Plaintiff's amended complaint contains only the following allegations:  "[Defendant Robert Larna] has ability, counter acting [sic] societys [sic] function.  He teaches them hate and negativity.  Causeing [sic] chaos, leading to the depleation [sic] of the population.  Execution is necessary.  He manipulated businesses + government to deny my justice.  I feel I am entitled to one million dollars."[6]

As with Plaintiff's original complaint, even when the court liberally construes Plaintiff's amended complaint, the court concludes that Plaintiff has failed to provide enough well-pleaded factual allegations to support any claims for relief.  Plaintiff has again provided only conclusory allegations and failed to provide any sufficiently detailed factual allegations that would allow the court to determine whether this action should survive dismissal.  Accordingly, the court concludes that Plaintiff, even after being provided with an opportunity to amend his original complaint, has again failed to state any claims upon which relief can be granted.  Therefore, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE under the authority of the IFP Statute.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

---

[5] *See* docket no. 10.

[6] *Id*. at 3.

served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 17th day of May, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge